## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | EDCR 96-0008(A)-RT | Date  October 28, 2008 |

Present: The Honorable   ROBERT J. TIMLIN, UNITED STATES DISTRICT JUDGE

Interpreter

| Patricia Gomez | N/A | |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Gary Singleton | | X | | | | | |

Proceedings:   **ORDER DENYING PRO SE DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE, PURSUANT TO 18 U.S.C. § 3582(c)(2)**

   This Court has read and considered Defendant Gary Singleton's ("Singleton") pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), the government's opposition to Singleton's motion, and Singleton's reply to the government's opposition.

   Singleton was convicted after a jury trial of conspiracy to commit armed bank robbery with forced accompaniment in violation of 18 U.S.C. § 371 ("Count One"), armed bank robbery in violation of 18 U.S.C. § 2113(a)(d)(e) ("Count Two") and use of a firearm in furtherance of a crime in violation of 18 U.S.C. § 924(c) ("Count Three").   This Court sentenced Singleton to a total term of imprisonment of 360 months: 60 months on Count One, 240 months on Count Two, and 60 months on Count Three, with each term running consecutively to the other.

   Singleton's motion brought pursuant to 18 U.S.C. § 3582(a)(2)  contends that this Court sentenced him to 300 months' imprisonment on the armed bank robbery charge (Count Two) and that, in doing so, the Court contravened amended Application Note 2 to United States Sentencing Commission Guideline Manual ("U.S.S.G") § 2K2.4[1] which clarified that a sentencing court may not apply an offense level enhancement for use of a firearm in determining the sentence for an underlying offense, including any such enhancement based on relevant conduct, if a defendant is also convicted under 18 U.S.C. § 924(c) for use of a firearm in commission of the underlying offense.  Singleton's position appears to be that the Court illegally sentenced him by applying the enhancement for use of a firearm in committing the bank robbery to increase his sentence from 240 months (the statutory maximum for bank robbery) to 300 months (the statutory maximum for putting in jeopardy the life of any person by use of a dangerous weapon).  *See* 18 U.S.C. § 2113(a), (d).

---

   [1]Amendment 599, effective, November 1, 2000.  *See* U.S.S.G. § 1B1.10(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

  Singleton incorrectly states that this Court sentenced him to 300 months for the bank robbery conviction.  The Judgment and Commitment Order, filed on April 9, 1997, states that the sentence was 240 months on Count Two, 60 months on Count One, and 60 months on Count Three.  Any assertion by Singleton that this sentence was somehow illegal or improper is not an appropriate subject matter for a motion brought pursuant to 18 U.S.C. § 3582(c)(2), which is specifically limited to the process for a sentence reduction based on a retroactive application of substantive Guideline amendments which results in a defendant having been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(0).

  Here, Amendment 599 to Application Note 2 for § 2K2.4 does not result in the Sentencing Commission retroactively lowering the Guideline sentencing range under which the Court sentenced Singleton for the robbery conviction alleged in Count Two.  It was clear both before and after Amendment 599 that the Court was precluded from imposing a firearm enhancement for bank robbery.  Note 2 at the time of defendant's sentencing stated "Where a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use or discharge of an explosive or firearm . . . is not to be applied in respect to the guideline for the underlying offense." U.S.S.G. § 2K2.4, cmt. 2 (Nov. 1, 1995 ed.).  The amendment to Note 2 simply clarified that this prohibition applied not only to the offense underlying the 18 U.S.C. 924(c) conviction, but also to any relevant conduct.  Amendment 599 did not make any substantive change to the Guideline itself, but rather made a clarification.[2]  Therefore, this Court on a procedural basis rejects any contention by Singleton that the sentence was illegal since it is not a proper subject of a motion under Section 3582(c)(2).

  Based on the foregoing, IT IS ORDERED that Singleton's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

                                                                      :

                                   Initials of Deputy
                                            Clerk     PG

---

[2] Further, it is noteworthy that in sentencing Singleton relative to the bank robbery conviction the Court did not enhance the sentence for his use of a firearm in the robbery.  The sentence of 240 months was the statutory maximum sentence for robbery that did not involve the use of a dangerous weapon, i.e. firearm, under 18 U.S.C. § 2113(a).  Moreover, Singleton was sentenced based on a guideline range calculated using the career offender guidelines.  Therefore, even if this Court had applied a sentencing enhancement for use of a dangerous weapon incorrectly, it would not have impacted the sentence.  *See* U.S.S.G. § 2K2.4(c).